# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 2305 and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES NATIONAL VETERANS AFFAIRS
COUNCIL,

               Plaintiffs-Appellees,

   v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS and DOUGLAS A.
COLLINS, in the official capacity as U.S. Secretary of
Veterans Affairs,

               Defendants-Appellants.

No. 26-1321

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 2305 and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES NATIONAL VETERANS AFFAIRS
COUNCIL,

               Plaintiffs-Appellees,

   v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS and DOUGLAS A.
COLLINS, in the official capacity as U.S. Secretary of
Veterans Affairs,

               Defendants-Appellants.

No. 26-1904

## DEFENDANTS' MOTION TO CONSOLIDATE

Defendants, the Department of Veterans Affairs and Secretary Douglas A. Collins, respectfully move to consolidate *AFGE Local 2305 v. VA*, No. 26-1321, and *AFGE Local 2305 v. VA*, Nos. 26-1904. Plaintiffs, the AFGE National Veterans Affairs Council and AFGE Local 2305, have indicated that they "will evaluate the consolidation motion once it is filed and reserve their right to oppose it."

1. This case involves claims challenging VA's termination of a master collective-bargaining agreement with plaintiffs.

2. The district court issued a preliminary injunction on March 13, 2026, which defendants appealed. On May 16, 2026, this Court granted in part and denied in part the government's motion to stay the district court's preliminary injunction and enforcement order pending appeal.

3. Since that time, the parties have disputed whether the preliminary injunction expired on August 8, 2026. The injunction orders defendants to "reinstate the Master CBA … for the remainder of the agreed-upon term provided in the Master CBA." Dkt. 30, at 29. The collective-bargaining agreement states that it has an effective date of August 8, 2023, and "shall remain in full force and effect for a period of three years after its effective date." Dkt. 13-1, at 297.

4. In defendants' view, their first appeal (No. 26-1904) should now be moot. Because the agreement's termination date (August 8, 2026) has passed, the

agreement should no longer be in effect, and the preliminary injunction appealed in that case should have run its course.

5. The district court has nevertheless issued an order that effectively continues both the collective-bargaining agreement and the injunction indefinitely. The court accepted plaintiffs' argument that the agreement has automatically renewed under the duration-of-agreement provision ("If renegotiation of an Agreement is in progress but not completed upon the terminal date of this Agreement, this Agreement will be automatically extended until a new agreement is negotiated," Dkt. 13-1, at 297) and that the preliminary injunction should be interpreted to require defendants to adhere to the agreement until negotiations are complete.

6. Because this order continues and modifies the previous preliminary injunction, defendants have appealed that order (No. 26-1904).[1] But the appeals concern the same district-court action. The first appeal challenges the district court's preliminary injunction, and the second appeal challenges the district court's order continuing the preliminary injunction; the issue of the collective-bargaining agreement's expiration date could be dispositive in both appeals. It would be most efficient for the parties and the Court to consolidate the appeals for purposes of appellate review and decision. *See* Fed. R. App. P. 3(b)(2). Defendants propose to file a single opening brief addressing the issues in both appeals.

---

[1] There is an amended notice of appeal related to the enforcement order because the district court made a clerical correction to its order after defendants initially appealed.

7.      Plaintiffs indicated that they "will evaluate the consolidation motion once it is filed and reserve their right to oppose it."

Respectfully submitted,

MELISSA N. PATTERSON
WEILI J. SHAW

/s/ *Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7258*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   (202) 532-4252

August 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 483 words, according to Microsoft Word.

/s/ *Benjamin T. Takemoto*
Benjamin T. Takemoto

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *Benjamin T. Takemoto*
Benjamin T. Takemoto